# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1827 CAS |
| | ) | |
| REAL PROPERTY KNOWN AS | ) | |
| 213 NORTH SEQUOIA BLVD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This *in rem* civil forfeiture matter is before the Court on the separate motions of claimants Joseph Mahfood, Mary Mahfood, Virginia Mahfood, and William Mahfood to stay this proceeding pursuant to 18 U.S.C. § 981(g)(2), pending a criminal investigation. The government does not object to the motions. For the following reasons, the Court will grant the motions to stay.

The civil forfeiture statute provides in pertinent part:

> Upon the motion of a claimant, the court shall stay the civil forfeiture proceeding with respect to that claimant if the court determines that - (A) the claimant is the subject of a related criminal investigation or case; (B) the claimant has standing to assert a claim in the civil forfeiture proceeding; and (C) continuation of the forfeiture proceeding will burden the right of the claimant against self-incrimination in the related investigation or case.

18 U.S.C. § 981(g)(2). "[T]he court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of one party without unfairly limiting the ability of the opposing party to pursue the civil case." 18 U.S.C. § 981(g)(3). "In no case, however, shall the court impose a protective order as an alternative to a stay if the effect of such protective order would be to allow one party to pursue discovery while the other party is substantially unable to do so." Id.

In the motions to stay, each claimant asserts that (1) he or she is the subject of a "related criminal investigation," (2) he or she has standing to assert their claim as owner of some portion of the defendant property, (3) his or her Fifth Amendment right against self-incrimination in the related criminal investigation will be burdened in the absence of a stay, and (4) a protective order is not an appropriate alternative because it will not protect his or her interests. The motions state that the United States has no objection to the imposition of a stay.

The Court finds that claimants have met the requirements for obtaining a stay in this civil forfeiture action. Further, the Court finds that a protective order is not an appropriate alternative to a stay.

Accordingly,

**IT IS HEREBY ORDERED** that claimants Joseph Mahfood, Mary Mahfood, Virginia Mahfood, and William Mahfood's Motions to Stay pursuant to 18 U.S.C. § 981(g)(2). are **GRANTED**. [Docs. 34, 35, 36, 37]

**IT IS FURTHER ORDERED** that this action is **STAYED** pursuant to 18 U.S.C. § 981(g)(2).

**IT IS FURTHER ORDERED** that the government and claimants shall file a joint status report in this action at the conclusion of the criminal investigation or no later than July 28, 2016, whichever occurs first, regarding whether the stay should be lifted or continued and reasons in support thereof.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   28th   day of January, 2016.